PICKETT, Judge.
Plaintiffs, North American Biologicals, Inc., Allied Plasma Corporation of Louisiana, Inc., and Professional Plasma Foundation, Inc., are commercial blood banks, which operate plasmapheresis programs. Operations of this type are subject to federal, state and municipal regulation. On October 20, 1971, the Board of Health of the City of New Orleans adopted the Standards for Blood Banks and Transfusion Services, issued by the American Association of Blood Banks, as the minimum standards for the operation of commercial blood banks and plasmapheresis operations in the City of New Orleans. At page 20 thereof is the following provision:
“A licensed physician well versed in all aspects of a plasmapheresis program should be on the premises and responsible for all the phases of plasmapheresis, including the administration of antigen, collection and processing of the blood and its components, and for ensuring proper autotransfusion.”
On October 25, 1972, by letter from M. A. Andry, Acting Supervisor, Institutional Environmental Health, and William H. *776 Barlow, Director, Bureau of Personal Health Protection, of the Department of Health of the City of New Orleans, plaintiffs were ordered to comply with the foregoing" provision within 30 days. On February 8, 1973, a reinspection of plaintiff’s premises revealed that the above provision had not been complied with. On the same date, plaintiffs were directed to show cause on February 15, 1973, at an official hearing before the Board of Health of the City of New Orleans, (sometimes hereinafter referred to as the “Board”) why their operations should not be closed for the protection of public health, because of their failure to comply.
At the hearing on February 15, plaintiffs were granted a 30 day continuance. Thereafter, at the same meeting, the Board amended the above quoted provision so as to substitute the word “shall” for the word “should”, apparently to settle a difference of opinion as to the mandatory nature of the requirement. No notice was given any interested party of the intention of the Board to institute such a change. By letter from Mr. Barlow dated February 27, 1973, plaintiffs were notified of the change.
On March 19, 1973, this suit was instituted. Defendants are Dr. Charles C. Mary, Jr., Commissioner of Louisiana Health, and Social and Rehabilitation Services Administration; Dr. Ramson K. Vidrine, Deputy Commissioner thereof; the Louisiana Health, and Social and Rehabilitation Administration; Dr. Robert M. Brocato, Chairman of the Board of Health, City of New Orleans; Dr. Doris H. Thompson, Director of Health and member of the Board of Health, City of New Orleans; Dr. Edwin T. Brown, Dr. Emile E. Riley and Dr. Jack C. Castrogiovanni, members of the Board of Health, City of New Orleans; and William H. Barlow, Director, Personal Health, Board of Health, City of New Orleans.
Plaintiffs allege that under the provisions of R.S. 46:1751 et seq., which created and delineated the authority of the Louisiana Health, and Social and Rehabilitation Services Administration, (hereinafter referred to as the “Administration”) all authority of the Board of Health of the City of New Orleans was divested as of January 1, 1973, and that it was thereafter without authority. Plaintiffs sought in-junctive relief to prevent the Board from implementing in any way any action taken by it subsequent to January 1, 1973, or from enforcing any rules and regulations made by it prior thereto without complying with the Administrative Procedures Act, R.S. 49:951 et seq.
Plaintiffs further sought a writ of mandamus directing Dr. Mary and Dr. Vidrine and the Administration to assume complete authority over the activities of the Board of Health. They further sought to enjoin Dr. Mary, Dr. Vidrine and the Administration from permitting any agency under their authority to hold hearings, adopt rules, or implement any regulations without complying with the Administrative Procedures Act. Finally, they asked for judgment declaring the Board of Health of the City of New Orleans to be merged with the Administration.
The case was tried on a rule for prelimi-' nary injunction, but, by stipulation, was submitted for judgment on the merits.
The trial court found that R.S. 46:1751 et seq. did not destroy the Board of Health of the City of New Orleans, but that it exists only as an adjunct of the Administration and subject to its authority. He was further of the opinion that the Board was legally without authority to adopt the resolution of February 15, 1973. He found the Administration and its subsidiary agencies to be subject to the Administrative Procedures Act.
He therefore signed a judgment declaring that all “administrative, managerial and operational functions and the programs oand facilities of the Department of Health and the Board of Health, City of New Orleans, and all pending and unfin *777 ished business of said Board” were transferred to and under the management of the Administration. He further ordered Dr. Mary, Dr. Vidrine and the Administration to assume the administration and management of the functions of the Department of Health and the Board of Health of the City of New Orleans. A permanent injunction issued to restrain the-chairman and members of the Board of Health, and Mr. Barlow, from enforcing any regulations adopted prior to January 1, 1973, or conducting hearings, without complying with the Administrative Procedures Act, or from implementing in any manner any action taken by them after January 1, 1973. From this judgment, the Board has appealed. They assign as error the finding of the trial court that the functions of the Board of Health of the City of New Orleans have been transferred to the Administration and that the resolution of February 15, 1973, was illegal.
The State, Parish and Municipal Boards of Health were created by the Legislature under the authority of Article 6, Section 11 of the Constitution of 1921. The Board of Health of the City of New Orleans was created pursuant to R.S. 40:61 et seq., which carries out the Constitutional mandate for the creation of Municipal Boards of Health.
R.S. 46:1751, which created the Administration was enacted pursuant to the provisions of Article 3, Section 32 of the Constitution of 1921, which provides:
“The Legislature is authorized to. provide for the merger or consolidation into one department of all executive and administrative offices, boards or commissions, whether created in this Constitution or otherwise, whose duties or functions are of a similar nature or character, and, in the event of any such consolidation or merger, to reduce the number of officers at the end of their current term.”
R.S. 46:1751 provides for the creation of the Administration, and for the merger and consolidation into it of various boards and agencies, under the sole administration of the Commissioner. The act provides that the Commissioner, after January 1, 1973, “shall exercise the administrative functions of the state, or authorized by the state, or now or hereafter authorized to be exercised by the constitution and laws in relation to the administration, management and operation of the functions, programs and facilities of the boards, commissions, offices and agencies hereby merged and consolidated, and particularly as conferred by the hereinafter referred to statutes set out opposite each enumerated board, commission, office and agency . . . . ” Included among the boards is: “17. Louisiana State Board of Health and the Louisiana State Department of Health and all its subsidiary boards.”
R.S. 46:1752 provides:
“By authority of Section 32 of Article III of the Constitution of 1921, all of the functions, programs and operations of every kind of the agencies merged and consolidated under the provisions of R.S. 46:1751 hereof into the Louisiana Health, and Social and Rehabilitation Services Administration hereafter shall be exercised and be performed by and under the administration and control of the commissioner.”
R.S. 46:1753 provides, in part, as follows :
“A. Under the transfer of functions provided for by this Chapter, any pending or unfinished business of any of said agencies shall be taken over and be completed by the commissioner with the same power and authority as the agencies from which the functions are transferred. The commissioner shall be the successor in every way to the agencies from which such functions are transferred, and every act done by the commissioner in the exercise of such functions shall be deemed to have the same force and effect under any provisions of the constitution and laws in effect on the *778 effective date of this Chapter as if done by the agencies from which such functions are transferred.
“B. Whenever any agency from which functions are transferred hereby is referred to or designated by the constitution or by any law or contract or other document, such reference or designation shall be deemed to apply to the commissioner, and the legislature hereby specifically states that the provisions of this Chapter are in no way and to no extent intended to nor shall they be construed in any manner which will impair the contractual obligations of any agency heretofore existing, or of the state of Louisiana with respect to any such agencies.”
R.S. 46:1760 provides that the Administration shall:
“(3) Administer, operate and maintain the functions, programs, facilities and institutions vested in the commissioner in accordance with the provisions of this Chapter and the policies, rules apd regulations established by him, or heretofore established not inconsistent with law.”
From the foregoing, as well as other provisions of this act, we conclude that it was the intention of the legislature to vest all of the functions and authority of the State, Parish and Municipal Boards of Health in the Commissioner and the Administration; but that the merger does not impair the contractual obligations of any agency existing at the time of the merger, and does not terminate the employment of the employees of the consolidated agencies. We are of the opinion that it was further intended that the Boards cease to exist as of January 1, 1973. Since all of the functions and authority of the Boards have been transferred from them, there is no longer any basis for their existence. Very little simplification or consolidation of functions would take place if the creation of the Administration resulted in there being 60 agencies and boards rather than the 59 supposedly consolidated and merged into it.
R.S. 46:1766 and 46:1767, which provide for the method of effectuating the transfer of authority, set a date of 90 days for the completion of the physical details of the merger. They do not effect the date of the legal transfer of authority, which is January 1, 1973.
The Board argues that the provisions of Article 6, Section 11 of the Constitution of 1921 being specific, must prevail over those of Article 3, Section 32 thereof, which are general, and that R.S. 46:1751 is unconstitutional insofar as it affects the various Boards of Health. The argument is without merit. It is just such a situation as is presented here that is contemplated by Article 3, Section 32. The fact that conditions in New Orleans might differ from those elsewhere in the state is immaterial to the issues in this case. These differences can easily be handled within the administrative discretion of the Commissioner, who now stands in the shoes of the Board.
The Board further argues that, regardless of the provisions of the law, the Commissioner had not, in fact, assumed his authority in New Orleans by February 15, 1973, which was within the 90 day period provided for the completion of the merger, and that the Board therefore had authority to act. As pointed out above, the Board lost its authority by operation of law on January 1, 1973, and there is no provision for its de facto existence thereafter. In any event, the record is clear that it failed to comply with the Administrative Procedures Act, to which it was subject.
We are of the opinion, therefore, that plaintiffs are entitled to injunctive relief beyond that requested, since a board without authority can perform no functions whatsoever. Certainly the question of the applicability of the Administrative Procedures Act to the Board is moot, in the light of our holding.
*779 With respect to that part of the judgment relating to the Department of Health of the City of New Orleans, it must be set aside. The Department was never made a party to this suit. If it is sui juris, no judgment can be rendered against it. We are not enlightened by the record as to its legal status.
Insofar as it declares that the functions of the Board of Health have been transferred to the Administration, and orders the Administration to assume its functions, the judgment appealed from is correct.
The judgment appealed from is therefore amended so as to remove all reference therefrom to the Department of Health of the City of New Orleans; and to enjoin the Chairman and members of the Board of Health of the City of New Orleans from taking any action whatsoever as such; and as amended, the judgment is affirmed, with appellants to pay such costs as they are liable for under the law.
Amended and Affirmed.